The Honorable Rocky Nichols State Representative, 58th District 2329 Southeast Virginia Topeka, Kansas 66605
The Honorable Vaughn Flora State Representative, 59th District 431 Southeast Woodland Topeka, Kansas 66607
The Honorable Anthony Hensley Senate Minority Leader State Senator, 19th District 2226 S.E. Virginia Topeka, Kansas 66605
Dear Representative Nichols, Representative Flora and Senator Hensley:
You ask whether Shawnee County may make a separate application for affiliation with the Kansas Police and Firemen's Retirement System (KPF) to bring the employees of the Shawnee County Department of Corrections under KPF, or whether those correctional employees can be certified as "in support" of the county's law enforcement officers and come into KPF as part of that already existing affiliation. You also ask what process the correctional employees should use to receive certification as employees "in support" of law enforcement.
You state that Shawnee County has elected to participate in KPF for the Sheriff and his deputies, but that the civilian employees of the Sheriff's Department are covered under the Kansas Public Employees Retirement System (KPERS). You advise that employees of the Shawnee County Department of Corrections have been covered under KPERS along with other Shawnee County employees. The Shawnee County correctional employees would now like to be covered under KPF.
K.S.A. 74-4954 sets out the procedure for affiliation with KPF as follows:
 "(1) Any eligible employer may join the system on January 1 of any year on or after January 1, 1967. Application for affiliation shall be by resolution approved by the governing body of the eligible employer and shall be submitted to the board of trustees in such form as the board shall determine. . . . Such application may be for participation with regard to: (a) All policemen or firemen, or both, employed by the participating employer. . . . The application shall include a statement of the group or groups to be covered. Any such application, upon approval by the board of trustees, shall be irrevocable, except that extension of coverage to any of the above named employee groups not covered in the employer's initial application may be obtained by supplemental application to the board, in such form as may be provided by the board, with such coverage to be effective on January 1 of any succeeding year. . . ."
K.S.A. 1996 Supp. 74-4952 defines "eligible employer" as "any city, county, township or other political subdivision of the state employing one or more employees as firemen or policemen." "Employee" is defined as "any policeman or fireman employed by a participating employer whose employment for police or fireman purposes in not seasonal or temporary and requires at least 1,000 hours of work per year." K.S.A. 1996 Supp. 74-4952. "Police," "policeman" and "policemen" are defined as follows:
 "[A]n employee assigned to the police department and engaged in the enforcement of law and maintenance of order within the state and its political subdivisions, including sheriffs and sheriffs'deputies, or in support thereof and who is specifically designated, appointed, commissioned or styled as such by the governing body or city manager of the participating employer and certified to the retirement system as such." K.S.A. 1996 Supp. 74-4952. (Emphasis added).
The Affiliation and Transfer Resolution No. 85-1212 adopted by Shawnee County on November 1, 1985, made application for Shawnee County "to become a participating employer in the KPF system to provide for the inclusion of all its future eligible policemen. . . ." KPERS has informed us that Shawnee County is an eligible employer who joined the KPF system effective January 1, 1986.
Correctional employees are not specifically included in the definition of "policemen," however K.S.A. 1996 Supp. 74-4952 allows the governing body of a participating employer to designate, appoint, commission or style other employees as "in support" of employees who are engaged in the enforcement of law as defined by the statute. The statutes do not describe what constitutes a "designation, appointment, commission or styling" of employees as in support of law enforcement. KPERS has informed us that Shawnee County could simply furnish KPERS with a list of names and social security numbers of the employees it wishes to cover under KPF, with a formal written statement or resolution of the Board of County Commissioners, attested by the County Clerk, that the employees are officially designated as being in support of law enforcement in Shawnee County, and requesting that a KPF file be opened in each of their names. Thereafter, for annual reporting purposes, these employees would be reported as part of Shawnee County's KPF annual report, and the current KPF employer contributions and employee withholding rates would be regularly remitted to KPERS along with the rest of the County's law enforcement personnel who are KPF members.
K.S.A. 74-4954 allows an eligible employer to apply for participation in KPF for only two groups of employees, police and firemen. The provision for a supplemental application applies to an employer who has not applied for membership of both its police and fireman, and who wishes to add one of those groups after it's initial application. Because Shawnee County has already affiliated with KPF to cover all its future eligible policemen, the statutes do not provide for the County to make a separate application for affiliation to bring employees of its Department of Corrections under KPF. In our opinion, employees of the Department of Corrections could become KPF members only if the Board of County Commissioners designates them as being in support of law enforcement, which would add the designated correctional employees to the County's group of policemen who are already KPF members.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm